# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACE CHEVEREZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P., a Delaware limited partnership, PLAINS PIPELINE, L.P., a Texas limited partnership, and JOHN DOES 1 through 10,<br><br>Defendants. | **Case No. 2:15-cv-04113-PSG-JEM**<br><br>[Consolidated with Case Nos. 2:15-CV- 04573 PSG (JEMx), 2:15-CV-4759 PSG (JEMx), 2:15-CV-4989 PSG (JEMx), 2:15-CV-05118 PSG (JEMx), 2:15-CV- 07051- PSG (JEMx)]<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' RULE 23 MOTION**<br><br>Date:  February 29, 2016<br>Time:  1:30 PM<br>Location:  Roybal, Courtroom 880<br>Judge:  Hon. Philip S. Gutierrez |

[PROPOSED] ORDER RE PLAINTIFFS' RULE 23 MOTION

## [PROPOSED] ORDER

After full consideration by this Court of Plaintiffs' Motion for an Order Limiting Defendants' Communications with Plaintiffs and Class Members and for Other Relief Pursuant to Fed. R. Civ. P. 23(d), Memorandum in Support Thereof, supporting papers, the parties' oral arguments, and other facts and law pertaining thereto in the record, the Court FINDS and ORDERS as follows:

Plaintiffs' Motion for an Order Limiting Defendants' Communications with Plaintiffs and Class Members and for Other Relief Pursuant to Fed. R. Civ. P. 23(d) is hereby **GRANTED.**

This Court finds that Defendants have provided incomplete and misleading communications to putative class members and that the releases obtained by Plains are inappropriate to the extent that they purport to immunize Plains from paying full compensation to putative class members or prohibit them from participating in this above-referenced case ("Action").

Having reviewed the facts and law presented by the parties in this case, the Court concludes that intervention is necessary pursuant to Rule 23 to protect class members' rights while this Action proceeds, preserve the status quo, and correct the record. Therefore,

1. Defendants Plains All American Pipeline, L.P., Plains Pipeline, L.P., (collectively "Plains") and Plains' agents are prohibited from seeking releases of any and all statutory and common law claims of putative class members as part of the claims process Plains is administering pursuant to the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701-2720 ("OPA") during the pendency of this case.

2. Any release form Plains provides to potential claimants through its claims process shall clearly state that "acceptance of payment is without prejudice to: the claimant's ability to (1) pursue full compensation for injuries caused by the oil spill from Line 901, and (2) pursue legal action in a court of law or join any class action regarding this matter.

3. All releases obtained by Defendants to date are hereby nullified and invalidated to the extent that they purport to immunize Plains from paying additional compensation to putative class members or prohibit putative class members from participating in this Action.

4. For those class members who have already received payments from Plains through the Oil Pollution Act, any recovery obtained as part of this Action shall be reduced to the extent necessary to avoid double recovery.

5. Defendants are ordered, within 10 days from the date of this Order, to produce a list of all putative class members who have signed settlement releases, records of all communications with putative class members, and copies of any documents sent between putative class members and Plains or its agents, including settlement releases it has obtained from putative class members.

6. Defendants are ordered to provide accurate information in their communications or correspondence with putative class members, including letters, e-mails or advertisements, and provide a single representative copy of each communication to class counsel. Each such communication must include, at minimum:

   a. The nature and pendency of this litigation, the claims, the requested relief, how to learn more about this Action, and contact information for class counsel;

   b. The rights of putative class members to participate in this Action or to obtain compensation and relief through other means;

   c. The rights of putative class members to contact class counsel or to seek advice of an attorney of their choosing before making a decision; and

   d. An adequate description of the manner in which Plains accepts, processes, and pays claims.

7. In any communications regarding settlement with a putative class member, Defendants are ordered to notify any claimant of the following:

    a. How the release would affect the individual's rights, including the right to participate in this Action, as well as the right to obtain other relief and compensation for any additional damages that are not encompassed by the proposed payment;

    b. That claimants are not required by law to release all past, present and future claims in order to receive the Oil Pollution Act-mandated payments offered by Plains; and

    c. Notify claimants of their right to seek advice of counsel before signing any release and/or settlement agreement.

8. Defendants are ordered to file the text they intend to use in written communications to putative class members to the Court for review and approval prior to making further communications with putative class members.

9. Defendants are ordered to provide corrective communications to each claimant, using the same media or means of communication previously employed, providing all of the information required by this Order for future communications described above.

10. Defendants are prohibited from communicating directly with represented parties, except through a party's counsel.

11. This Order shall remain in full force and effect, even after this case is closed, until such time as this Court specifically orders otherwise.

**It is so ORDERED.**

DATED: _____

_____
The Honorable Philip S. Gutierrez