BRAD D. BRIAN (State Bar No. 79001)
brad.brian@mto.com
HENRY WEISSMANN (State Bar No. 132418)
henry.weissmann@mto.com
DANIEL B. LEVIN (State Bar No. 226044)
daniel.levin@mto.com
MELINDA E. LeMOINE (State Bar No. 235670)
melinda.lemoine@mto.com
THOMAS PAUL CLANCY (State Bar No. 295195)
thomas.clancy@mto.com
JORDAN X. NAVARRETTE (State Bar No. 306143)
jordan.navarrette@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendants
PLAINS ALL AMERICAN PIPELINE, L.P.
and PLAINS PIPELINE, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ANDREWS, an individual; TIFFANI ANDREWS, an individual; BACIU FAMILY LLC, a California limited Liability company, ROBERT BOYDSTON, an individual; CAPTAIN JACK'S SANTA BARBARA TOURS, LLC, a California limited liability company; MORGAN CASTAGNOLA an individual; CRAB COWBOYS. LLC, a California limited liability company; THE EAGLE FLEET. LLC. a California limited liability company; ZACHARY FRAZIER, an individual; MIKE GANDALL. an individual; ALEXANDRA B. GEREMIA as Trustee for the Geremia Family Trust dated 8/5/1998; JIM GUELKER. an individual; JACQUES HABRA, an individual; ISURF, LLC, a California | Case No. 2:15-cv-04113-PSG-JEM<br><br>[Consolidated with Case Nos. 2:15-cv-04573-PSG (JEMx), 2:15-cv-04759-PSG (JEMx), 2:15-cv-04989-PSG (JEMx), 2:15-cv-05118-PSG (JEMx), 2:15-cv-07051-PSG (JEMx)]<br><br>**NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT OF PLAINTIFFS' CLAIMS**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: August 28, 2017<br>Time: 1:30 p.m.<br>Location: Courtroom 6A |

| | |
|---|---|
| 1 | limited liability company; MARK KIRKHART, an individual; MARY KIRKHART, an individual; JAMIE KLEIN, an individual; RICHARD LILYGREN, an individual; HWA HONG MUH, an individual; OCEAN ANGEL IV, LLC, a California limited liability company; PACIFIC RIM FISHERIES. INC, a California corporation; SARAH RATHBONE, an individual; COMMUNITY SEAFOOD LLC, a California limited liability company; SANTA BARBARA UNI, INC., a California corporation; SOUTHERN CAL SEAFOOD, INC., a California corporation; TRACTIDE MARINE CORP., a California corporation; WEI INTERNATIONAL TRADING INC., a California corporation and STEPHEN WILSON, an individual; individually and on behalf of others similarly situated, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | Plaintiffs, |
| 15 | vs. |
| 16 | |
| 17 | PLAINS ALL AMERICAN PIPELINE, L.P., a Delaware limited partnership, and PLAINS PIPELINE, L.P., a Texas limited partnership, and JOHN DOES 1 through 10, |
| 18 | |
| 19 | |
| 20 | Defendants. |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on August 28, 2017, or as soon thereafter as the matter may be heard, in Courtroom 6A of the United States District Court, Central District of California, located at First Street Courthouse, 350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles, California 90012-4565, Defendants Plains Pipeline L.P. and Plains All American Pipeline, L.P. ("Plains"), will and hereby do move for partial summary judgment on the claims brought by plaintiffs Robert Boydston, Zachary Frazier, Jim Guelker, Richard Lilygren, TracTide Marine Corp., and Stephen Wilson (collectively the "Oil Industry Plaintiffs"). This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 25, 2017.

This motion is made on the following grounds:

- The OSPRA claim fails because the Oil Industry Plaintiffs seek lost wages or profits, which they claim were caused by the non-operation of Lines 901 and 903. As this Court has ruled, losses resulting from the non-operation of the pipeline are not compensable under OSPRA.

- The ultrahazardous liability claim fails because economic losses are not the sort of harms that would make oil transportation ultrahazardous.

- The Oil Industry Plaintiffs cannot recover under a theory of negligence or negligent interference with economic advantage. The economic loss rule bars negligence claims by third parties for recovery of pure economic loss with no accompanying physical injury. The Oil Industry Plaintiffs do not fit into the narrow "special relationship" exception to the economic loss rule because, amongst other reasons, Plains' transportation of oil was not intended to specifically affect the Oil Industry Plaintiffs.

1  • The UCL claim fails because the harms claimed by the Oil Industry
2    Plaintiffs were not caused by the violations of law they allege, and because
3    they lack Article III standing to seek injunctive relief.
4  • The Oil Industry Plaintiffs' public nuisance claim fails because their
5    alleged harms were not caused by the alleged public nuisance, and because
6    they lack Article III standing to seek injunctive relief.
7  This motion is based upon this Notice of Motion and Motion, the
8  accompanying Memorandum In Support Thereof, Statement of Uncontroverted
9  Facts and Conclusions of Law, Request for Judicial Notice, Declaration of Thomas
10 P. Clancy and the exhibits attached thereto, all pleadings and papers on file in this
11 action, and upon such other matters as may be presented to the Court at the time of
12 the hearing.

DATED: July 6, 2017

Respectfully submitted,
MUNGER, TOLLES & OLSON LLP
   BRAD D. BRIAN
   HENRY WEISSMANN
   DANIEL B. LEVIN
   MELINDA E. LeMOINE
   THOMAS PAUL CLANCY
   JORDAN X. NAVARRETTE

By: */s/      Henry Weissmann*
   HENRY WEISSMANN

Attorneys for Defendants PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS PIPELINE, L.P.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on July 6, 2017. Therefore, this document was served on all counsel who are deemed to have consented to electronic service.

                                            */s/   Henry Weissmann*
                                            HENRY WEISSMANN