Robert L. Lieff (CSB No. 037568)
Elizabeth J. Cabraser (CSB No. 083151)
Robert J. Nelson (CSB No. 132797)
Sarah R. London (CSB No. 267083)
Wilson M. Dunlavey (CSB No. 307719)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415)956-1000
Facsimile:   (415) 956-1008

Lynn Lincoln Sarko
(*Admitted Pro Hac Vice*)
Gretchen Freeman Cappio
(*Admitted Pro Hac Vice*)
Daniel Mensher
(*Admitted Pro Hac Vice*)
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Suite 3200
Seattle, WA 98101
Telephone:  (206) 623-1900
Facsimile:   (206) 623-3384

A. Barry Cappello (CSB No. 037835)
Leila J. Noël (CSB No. 114307)
Lawrence J. Conlan (CSB No. 221350)
David L. Cousineau (CSB No. 298801)
**CAPPELLO & NOËL LLP**
831 State Street
Santa Barbara, CA 93101-3227
Telephone:  (805)564-2444
Facsimile:   (805)965-5950

*Lead Trial Counsel*

Juli Farris (CSB No. 141716)
Matthew J. Preusch (CSB No. 298144)
**KELLER ROHRBACK L.L.P.**
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone:  (805) 456-1496
Facsimile:   (805) 456-1497

William M. Audet (CSB No. 117456)
Ling Y. Kuang (CSB No. 296873)
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone:  (415) 568-2555
Facsimile:   (415) 568-2556

*Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KEITH ANDREWS, an individual, TIFFANI ANDREWS, an individual, BACIU FAMILY LLC, a California limited liability company, ROBERT BOYDSTON, an individual, CAPTAIN JACK'S SANTA BARBARA TOURS, LLC, a California limited liability company, MORGAN CASTAGNOLA, an individual, THE EAGLE FLEET, LLC, a California limited liability company, ZACHARY FRAZIER, an individual, MIKE GANDALL, an individual, ALEXANDRA B. GEREMIA, as Trustee for the Alexandra Geremia Family Trust dated 8/5/1998, JIM GUELKER, an individual, JACQUES HABRA, an individual, ISURF, LLC, a California

**Case No.  2:15-cv-04113-PSG-JEM**

(Consolidated with Case Nos. 2:15-CV- 04573 PSG (JEMx), 2:15-CV-4759 PSG (JEMx), 2:15-CV-4989 PSG (JEMx), 2:15-CV-05118 PSG (JEMx), 2:15-CV- 07051- PSG (JEMx))

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION PENDING RULE 23(f) APPEAL**

limited liability company, MARK KIRKHART, an individual, MARY KIRKHART, an individual, RICHARD LILYGREN, an individual, HWA HONG MUH, an individual, OCEAN ANGEL IV, LLC, a California limited liability company, PACIFIC RIM FISHERIES, INC., a California corporation, SARAH RATHBONE, an individual, COMMUNITY SEAFOOD LLC, a California limited liability company, SANTA BARBARA UNI, INC., a California corporation, SOUTHERN CAL SEAFOOD, INC., a California corporation, TRACTIDE MARINE CORP., a California corporation, WEI INTERNATIONAL TRADING INC., a California corporation and STEPHEN WILSON, an individual, individually and on behalf of others similarly situated,

Plaintiffs,

v.

PLAINS ALL AMERICAN PIPELINE, L.P., a Delaware limited partnership, PLAINS PIPELINE, L.P., a Texas limited partnership, and JOHN DOES 1 through 10,

Defendants.

Judge: Hon. Philip S. Gutierrez
Date: August 27, 2018
Time: 1:30 p.m.
Location: Courtroom 6A

# <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION AND PROCEDURAL HISTORY ...............................1

II. ARGUMENT.......................................................................3

    A.  Each Factor Weighs Against Plains' Request to Stay......................5

        1.  Plains' appeal is unlikely to succeed and would not eliminate the need to proceed to the merits in any event. ...............................................................5

        2.  Plains fails to demonstrate it would suffer irreparable harm without a stay. .............................6

        3.  A stay would substantially harm Plaintiffs, with little benefit to Plains. ...........................................7

        4.  A stay would be contrary to the public interest. ....................9

    B.  Plains' Request to Stay Discovery Harms Plaintiffs, Without Changing Plains' Burden....................................9

    C.  Plains' Request to Stay Dispositive Motions Merely Delays the Inevitable ..................................................11

    D.  Delay of Class Notice is Not Warranted Because Any Legitimate Concerns Can Be Addressed, Through the Notice and Notice Procedures ........................................14

        1.  Notice can be issued with curative language and procedures to avoid confusion and minimize costs...............14

        2.  Notice to oil workers will not harm Plains' reputation and is not a basis for delay. .................................16

III. CONCLUSION ......................................................17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Abbassi v. I.N.S.,*
143 F.3d 513 (9th Cir. 1998) ................................................................................. 4, 6

*Altamura v. L'Oréal, USA, Inc.,*
No. 11-1067, 2013 WL 4537175 (C.D. Cal. 2013) ......................................... 11, 16

*Ambrosio v. Cogent Commcns, Inc.,*
2016 WL 777775 (N.D. Cal. 2016) ........................................................................ 5

*In Re Apple & ATTM Antitrust Litig.,*
No. 07-05152, 2010 WL 11489069 (N.D. Cal. 2010) ...................................... 15, 16

*Brown v. Walmart Stores, Inc.,*
No. 5:09-03339, 2012 WL 5818300 (N.D. Cal. 2012) ................................ 8, 10, 16

*Castaneda v. United States,*
No. 07-07241, 2008 WL 9449576 (C.D. Cal. 2008) .............................................. 7

*Golden Gate Rest. Ass'n v. City & Cty. of San Francisco,*
512 F.3d 1112 (9th Cir. 2008) ............................................................................ 4, 6

*Humane Soc'y of U.S. v. Gutierrez,*
558 F.3d 896 (9th Cir. 2009) ................................................................................. 4

*Lair v. Bullock,*
697 F. 3d 1200 (9th Cir. 2012) .............................................................................. 4

*Landis v North American Co. v American Water Works & Electric Co., Inc.,*
299 U.S. 248 (1936) ..................................................................................... 3, 4, 8

*Leiva-Perez v. Holder,*
640 F.3d 962 (9th Cir. 2011) ................................................................................. 4

*Mauss v. NuVasive, Inc.,*
No. 13-2005, 2017 WL 4838826 (S.D. Cal. 2017) ............................................... 9

*Monaco v. Bear Stearns Cos, Inc.,*
No. 09-05438, 2012 WL 12506860 (C.D. Cal., 2012) ................................. 5, 6, 10

*Nken v. Holder,*
556 U.S. 418 (2009) ........................................................................................... 3, 4

*Pena v. Taylor Farms Pac., Inc.,*
No. 2:13-01282, 2015 WL 5103157 (E.D. Cal. 2015) ........................................ 10

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
  286 F.R.D. 88 (D.D.C 2012) ................................................................ *passim*

*Rainbow Bus. Sols. v. Merch. Servs., Inc.*,
  No. C 10-1993, 2014 WL 1783945 (N.D. Cal. 2014) ........................... 4

*Rodriguez v. Penske Logistics, LLC*,
  No. 2:14-02061, 2017 WL 4132430 (E.D. Cal. 2017) ......................... 16

*Smith v. Ceva Logistics U.S., Inc.*,
  No. 09-4957, 2011 WL 13186146 (C.D. Cal. 2011) ........................ 8, 9

*Water Wheel Camp Recreational Area, Inc. v. LaRance*,
  No. 08-0474, 2009 WL 5175191, at *1 (D. Ariz. 2009); ...................... 4

*Willcox v Lloyds TSB Bank, PLC*,
  2016 WL 917893 (D. Haw. 2016) ........................................................ 16

**State Cases**

*S. California Gas Co. v. Superior Court of Los Angeles Cnty.*,
  2018 WL 3006424 (Sup. Ct. Cal. 2018) ............................................... 6

*Smith v. Superior Court*,
  39 Cal.4th 77, 82 (Cal. 2006) ............................................................... 9

**Federal Rules**

Fed. R. Civ. P. 1 ........................................................................................... 2

Fed. R. Civ. P. 23 ............................................................................... *passim*

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION (FOURTH) §10.1 (2004) .................... 12, 14

Nick Welsh, *Venoco Ditches Platform Holly* ................................................. 8

WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS §8.11 (5th Ed. 2018) .......................... 14

# I.    INTRODUCTION AND PROCEDURAL HISTORY

Plains' attempt to 'partially stay' this case that is almost at the close of discovery, on the grounds that the Ninth Circuit has before it a Rule 23(f) appeal regarding just one of the three certified subclasses, is a thinly-veiled attempt to leverage a discrete issue into an indefinite halt of virtually *all* proceedings. Defendants' request not only lacks legal and factual support, but would be virtually impossible to implement, given the interrelated issues associated with the two subclasses that are not subject to the appeal.

As this Court is well aware, three subclasses of persons and businesses impacted by Defendants' May 2015 oil spill have been certified: (1) the Fisher subclass; (2) the Property subclass; and (3) the Oil Industry subclass. After significant motion practice, including a motion to dismiss, summary judgment motion, motion for reconsideration and interlocutory appeal of the order denying summary judgment, and three separate motions for class certification, (with accompanying Daubert motions), the case is finally moving towards completion of relevant discovery. Millions of pages of documents have been exchanged, all of the named plaintiffs have been deposed, and more than twenty depositions of Plains officers and employees have been noted or taken, after protracted delays in scheduling. Indeed, closure of fact discovery is less than two months away (October 1, 2018), with expert discovery due to close on January 21, 2019. Currently, the last day to file dispositive motions is February 25, 2019, with trial anticipated 60 days after the Court rules on those motions.

Plains' Rule 23(f) appeal seeks review by the Ninth Circuit of this Court's certification of the Oil Industry subclass. While Plains purports to seek only a "partial" stay, this request, if granted, would lead to disagreements over the concept of applying a stay of discovery to any and all facts in which the Oil Industry subclass "has an interest." Memorandum of Points and Authorities in Support of

Defendants' Motion to Partially Stay Litigation Pending Rule 23(f) Appeal, ECF No. 469-1 ("Mot.") at 8:14. This purported partial stay will impact the entire case and interfere with the completion of remaining discovery for the two other certified subclasses. Despite Defendants' claims otherwise, the factual and legal issues associated with the interests of the Oil Industry subclass are coextensive and interrelated with those of other class members, including, most notably, proof of Plains' liability for the oil spill itself.

With little, if any, gain to the process and progress of this case, issuance of a stay would place a significant burden on Plaintiffs, with virtually no benefit to Plains. Regardless of the outcome of Plains' appeal, the claims of the Fisher and Property subclasses—and even the individual claims of the oil industry named plaintiffs—require completion of the remaining discovery and must be ready for trial.[1] Plains offers no credible reason to justify its request that this Court postpone the inevitable, and certainly no reason that would outweigh the considerable harm to Plaintiffs and to the public's interest in prompt resolution of claims and efficient use of court resources. *See* Fed. R. Civ. P. 1 (rules are intended "to secure the just, speedy, and inexpensive determination of every action and proceeding.")

Plains has not shown that the benefit to Plains of staying all dispositive motions in the case until after a decision by the Ninth Circuit outweighs the burden to others of such a stay. Its unsupportable request not only imposes additional harm on Plaintiffs and significant delay on the resolution of the case, it is also premature. Under the present schedule, the deadline for filing dispositive motions in this case is more six months from now, with briefing, hearings and decisions, continuing for weeks, if not months, thereafter. Given that the parties agree that the matter on appeal should be heard on an expedited basis, Plains has no basis to presume that

---

[1] The individual claims of the oil worker plaintiffs remain, even if the class they represent is decertified. And Plaintiffs believe that if the subclass were decertified, other members of the oil industry would seek to join or bring similar claims. Since Plains denied OPA claims of these individuals and businesses, litigation is their only recourse.

the Ninth Circuit will not issue a decision before this Court rules on dispositive motions. But even if Plains' is right and its worst fears come to fruition, this Court has the ability to modify any deadlines at that time.

Nor can Plains justify its request to delay notice to the Oil Industry subclass. The only way that the ugly spectre of "one-way intervention" Plains invokes could actually materialize is if this Court were to grant Plains' request. Under the present notice schedule, the opt out deadline for oil workers falls well in advance of both the dispositive motion deadline and the Court of Appeal's briefing schedule. Any legitimate fears of "confusion" to unnamed class members (or the costs to Plaintiffs that Plains' patronizingly references), are easily addressed without upending the progress of this litigation. These so-called issues can readily be dealt with and solved, by inclusion of language in the existing notices advising class members that Plains has appealed the District Court's ruling, and providing class members access to updates on the status of the appeal by way of the toll-free number or via the dedicated website.

Plains' Rule 23(f) challenge is unlikely to result in a reversal of this Court's well-reasoned decision. Plains has not come close to establishing that the lack of a stay in this case would cause irreparable injury to Plains. Plains' motion for a so-called partial stay must be denied.

## II.   ARGUMENT

Federal Rule 23(f) provides a mechanism for interlocutory appeal of an order granting or denying class certification, but does "not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f).   Thus, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 427 (2009).

The party requesting a stay has the burden of establishing its need. *Landis v North American Co. v American Water Works & Electric Co., Inc.*, 299 U.S. 248, 255 (1936). The decision of whether to grant a stay is an "exercise of judicial

discretion . . . dependent upon the circumstances of the particular case." *Nken*, 566 U.S. at 433 (citation omitted); *Lair v. Bullock*, 697 F. 3d 1200, 1203 (9th Cir. 2012). Where "there is even a fair possibility that the stay. . .will work damage to someone else", the proponent for "a stay must make out a clear case of hardship or inequity in being required to go forward*." Landis*, 299 U.S. at 255.

The party seeking the stay must establish four factors: (1) that the moving party is likely to succeed on the merits; (2) that the movant is likely to suffer irreparable harm in the absence of relief; (3) that the balance of equities tip in his favor (*i.e.* that others will not be harmed by the imposition of the stay); and (4) that a stay is in the public interest. *Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896 (9th Cir. 2009); *Rainbow Bus. Sols. v. Merch. Servs., Inc*., No. C 10-1993, 2014 WL 1783945, at *1 (N.D. Cal. 2014).

The Ninth Circuit takes a "flexible approach" when balancing these factors. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). The party seeking the stay "must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor." *Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998). "These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified." *Id.*; *see also Leiva-Perez*, 640 F.3d at 966 (affirming "general balancing approach used in *Abbassi*"); *Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1115–16 (9th Cir. 2008) (citation omitted). Finally, courts "consider 'where the public interest lies' separately from and in addition to 'whether the applicant [for stay] will be irreparably injured absent a stay[.]'' *Abassi* 143 F.3d at 514.

District courts generally deny motions to stay when a moving party does not satisfy the first two factors, which are "the most critical and must be satisfied before the second two factors are considered." *Water Wheel Camp Recreational Area, Inc.*

*v. LaRance*, No. 08-0474, 2009 WL 5175191, at *1 (D. Ariz. 2009); *see also Ambrosio v. Cogent Commcns, Inc.*, 2016 WL 777775 (N.D. Cal. 2016) (denying motion to stay after finding the first two factors were not met); *Monaco v. Bear Stearns Cos, Inc.*, No. 09-05438, 2012 WL 12506860, at *3 (C.D. Cal., 2012) (same). Plains has not satisfied its burden even on the first two factors. Because it also fails to satisfy factors three and four, the request for a stay must be denied.

### A.   Each Factor Weighs Against Plains' Request to Stay

#### 1.   Plains' appeal is unlikely to succeed and would not eliminate the need to proceed to the merits in any event.

Plains asserts that because the Ninth Circuit has granted it permission to appeal, it *ipso facto* meets the first factor. The argument overstates both the law and the facts. In this District, the fact that Plains was granted *permission* to appeal does not compel this Court to find that the appeal *itself* is likely to succeed. *Monaco* 2012 WL 12506860, at *3. And Plains has not demonstrated that it is likely to succeed.

Plains' Rule 23(f) petition to the Court of Appeals misconstrues this Court's well-founded and well-reasoned order. Consistent with well-established precedent in this Circuit, this Court noted that certification is appropriate, where, as here, not every class member suffered injury. Dkt. 419 at 14. Nonetheless, in its Rule 23(f) papers, Plains manufactures an issue for appeal, extrapolating from a single sentence in the order to argue that this Court somehow created a new "exposure doctrine," certifying the subclass on the basis that class members need only be exposed, but not injured, by the oil spill.[2] Petition for Leave to Appeal a Class Certification Order Pursuant to Federal Rule of Civil Procedure 23(F) ("Pet.") at 6, 11-16 (citing Dkt. 419 at 3). The Court's opinion does not create or imply such a doctrine, and once the issue is fully briefed, the Ninth Circuit will see that this

---

[2] This Court mentioned "exposed" once, in a parenthetical, Dkt. 419 at 14, but Plains focused its appeal brief on this one word, mentioning exposure 22 times.

1  claim is not supported by the order itself.[3] Plains fails to show that it is likely to
2  succeed.

3       Plains does not seriously attempt to argue likelihood of success on the merits;
4  its argument is based solely on the notion that, because the Ninth Circuit accepted
5  the appeal, it presents a serious legal issue, Mot. at 4-5 (citations omitted). Plains
6  fails here as well. First, to the extent that the "economic loss rule" is a novel issue,
7  Plains' appeal does not directly address it, but rather the application of Rule 23.
8  Moreover, even to the extent Plains' appeal tangentially involves a serious legal
9  question, reliance on this lower standard for the first factor mandates a higher
10 standard for the second. Rather than a "possibility of irreparable inquiry." Plains
11 must demonstrate that "the balance of hardships tips *sharply* in its favor." *Abbassi*,
12 143 F.3d at 514; *Golden Gate* 512 F. 3d at 1116. Plains fails to meet this burden,
13 for the reasons discussed below.

### 2.   Plains fails to demonstrate it would suffer irreparable harm without a stay.

14
15      Plains fails to demonstrate *any* irreparable harm, much less a balance of
16 hardships that tips sharply in its favor. In each instance, the purported hardships
17 that Plains raises are either inevitable regardless of the outcome of appeal, or can be
18 easily and more effectively resolved, without the burden of delaying these
19 proceedings and resulting harm to Plaintiffs.
20
21      Plains' liability for the oil spill is an issue common to all three subclasses.
22 There is no question that liability issues for at least two of the three will proceed
23 regardless of the outcome of the appeal. *See Monaco* 2012 WL 12506860, at *4
24 (holding that Defendants would not suffer an irreparable injury absent a stay
25 because "even if the Ninth Circuit . . . rules in their favor on the merits, the *majority*

26
27 _____
[3] Moreover, the application of the economic loss rule is an issue of substantive
28 California law, and is currently before the California Supreme Court. *S. California
Gas Co. v. Superior Court of Los Angeles Cnty*., 2018 WL 3006424 (Sup. Ct. Cal.
2018). That the Ninth Circuit would wade into California substantive law on the
basis of a 23(f) challenge is far from given.

of the discovery requested by Plaintiffs would still be relevant." (Emphasis added)). Even the issues one could argue relate *exclusively* to oil workers must still be addressed on behalf of the named plaintiffs individually (and others who may join), if the class is decertified. Even the cases that Plains cites recognize that irreparable harm to the movant does not exist under these circumstances. *See, e.g., In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 93 (D.D.C 2012).

Any remaining discovery and motion practice that relates to the Oil Industry subclass, but not the oil industry *plaintiffs*, such as industry-wide damages, does not amount to irreparable injury. *Castaneda v. United States*, No. 07-07241, 2008 WL 9449576, at *4 (C.D. Cal. 2008) ("The Court acknowledges that discovery can be burdensome. However, such a burden, while regrettable, does not constitute an irreparable injury"). Plains fails to meet its burden on this factor.

### 3. A stay would substantially harm Plaintiffs, with little benefit to Plains.

By contrast, a stay would substantially harm Plaintiffs, meaning that the balance of hardships tips sharply *away* from, not in favor of, Plains. A delay in liability discovery would inevitably delay resolution of this action, not only for the Oil Industry subclass, but for every class member, most of whom are not subjects of the appeal. Additional delay would cause acute harm to the Oil Industry subclass, who have already waited more than three years for resolution of their lost wage and income claims, during which Plains' pipelines remain closed and their livelihoods remain at stake. Once again, Plains ignores instances in which district courts have acknowledge these significant delays as irreparable harm, even in cases on which it relies. *See In re Rail Freight*, 286 F.R.D. at 93-94.

Plains exhibits galling insensitivity when it summarily dismisses the irreparable harm imposed here because Plaintiffs' complaint "primarily seeks damages." Mot. at 12. Though the Court declined to certify their claims for class treatment, the named Plaintiffs do seek injunctive relief. (Dkt. 88 at 62). Plains is

OPPOSITION TO DEF'S MOTION TO STAY LITIGATION PENDING RULE 23(f) APPEAL

also wrong on the law. The lone case cited by Plains for this proposition is distinguishable, because the plaintiff there failed to demonstrate that "time is of the essence in collecting these penalties." *Brown v. Walmart Stores, Inc.*, No. 5:09-03339, 2012 WL 5818300 at *4 (N.D. Cal. 2012). The oil workers, by contrast, have been out of work *for more than three years* because of Plains. Even cases cited by Plains acknowledge that irreparable harm to class members exists where "[a] stay would postpone any compensation that class members might receive if plaintiffs succeed on the merits, and would delay a definitive resolution of the case regardless of who ultimately prevails." *In re Rail Freight*, 286 F.R.D. at 94.

For oil workers and businesses, the consequences of these events are both tragic and continuing. While activities on the platforms will eventually resume once the Pipeline reopens, Plains' timeline for doing so stretches out beyond 2019. At least one of the platforms will never resume operation. Nick Welsh, *Venoco Ditches Platform Holly*, Santa Barbara Independent (Apr. 20, 2017).[4] Because Plains has uniformly denied their OPA claims, members of this subclass were not even afforded the interim relief mandated by federal law. Homes and businesses are at risk, and former employees are faced with taking less desirable employment, or moving out of the area, sometimes thousands of miles away, if they can find work at all. This litigation is their only recourse and time is of the essence. In the context of wage claims, a stay threatens substantial harm to both the named plaintiffs and the class. *Smith v. Ceva Logistics U.S., Inc.*, No. 09-4957, 2011 WL 13186146, at *3 (C.D. Cal. 2011).

Far more than a "fair possibility," this stay would most certainly "work damage" to all class members, while Plains is far from establishing a clear case of hardship if required to go forward. *See Landis*, 299 U.S. at 255. Plains has failed to meet its burden here.

---

[4]   Available at   https://www.independent.com/news/2017/apr/20/venoco-ditches-platform-holly/.

#### 4.      A stay would be contrary to the public interest.

The reasons that Plains' proposed stay runs counter to public interest are legion. "[I]t is essential to the public welfare" that plaintiff workers "receive [their] fair pay when it is due." *Smith* 2011 WL 13186146 at *3 (citing *Smith v. Superior Court*, 39 Cal.4th 77, 82 (Cal. 2006). Moreover, environmental disasters are themselves a matter of public interest. The "public has an interest in the efficient prosecution of [] laws and seeking to hold corporate wrongdoers accountable." *Mauss v. NuVasive, Inc.,* No. 13-2005, 2017 WL 4838826, at *2 (S.D. Cal. 2017) (denying stay). Like Plaintiffs, the general public is not served by further delay of the resolution of these claims.

Plains' straw-man arguments do not tip the balance in its favor. Mot. at 13-14. The need to avoid confusion and serve the interest of judicial economy is best served by denying the stay and issuing notice with the simple tweaks that Plaintiffs propose below. And far from narrowly tailored, Plains' request would halt every significant activity left in this litigation. The request does not serve the public interest, or any interest, beyond Plains' desire for delay. It weighs against a stay.

#### B.      Plains' Request to Stay Discovery Harms Plaintiffs, Without Changing Plains' Burden

Plains' request for a "partial" stay on "fact and expert discovery in which the Oil Industry subclass has an interest," is a wolf in sheep's clothing. Mot. 5:18-25. The purportedly limited relief would in fact swallow all material issues in the case. The Oil Industry subclass has an interest in factual issues that concern other subclasses, including Plains' liability or level of culpability, issues at the core of the remaining fact discovery, as Plains admits. Mot. at 8:12-17. It would be impossible to disentangle "oil worker interests" from fisher and property owner interests when deposing Plains' employees, for example, or conducting discovery regarding pipeline corrosion or safety, emergency response, the amount of oil spilled and extent of its impact, or the events before, during, or after May 19, 2015. The

"partial" stay Plains requests would mean a full stop to discovery, for an indefinite period. Plaintiffs would be severely prejudiced by this bar. Even the cases Plains cites acknowledge as much. *See e.g.*, *In re Rail Freight*, 286 F.R.D. at 93-94 ("delayed resolution of the claims would substantially harm class members.").

Plains puts forth no credible arguments for why a discovery stay would be appropriate here. Instead, as even cases Plains cites recognize, neither potential expense nor burden of discovery can justify a stay if the litigation must proceed regardless of the outcome. *Id*. at 93; *see also Brown,* 2012 WL 5818300 at *4 ("Courts evaluate whether litigation expenses constitute irreparable harm based on the specific circumstances of each case."). By contrast, a stay would cause irreparable harm to plaintiffs because "the factual record will grow weaker with age and [ ] some witnesses may become unavailable." *In re Rail Freight* F.R.D. at 94. This consideration is particularly important here, where document discovery is largely completed but critical witness depositions still hang in the balance.

The one case from the Eastern District, on which Plains repeatedly relies, is beside the point because it involved a single class, so the outcome of the Rule 23(f) appeal would determine the fate of the entire lawsuit. *See* Mot. at 4-5 (citing *Pena v. Taylor Farms Pac., Inc*., No. 2:13-01282, 2015 WL 5103157, at *3 (E.D. Cal. 2015).). Unlike *Pena* where "[t]he landscape going forward will depend heavily on the circuit court's decision." *Id*. at *6, this action involves an appeal as to only one of multiple subclasses. That court also held that the defendant had satisfied all four factors. *Pena* 2015 WL 5103157 at *2-*6. Plains does not, and cannot, meet its burden on *any* factor here.

Furthermore, while the court in *Pena* held that the defendant had met its burden on the first factor, because the Ninth Circuit granted leave to the appeal, other district courts, including courts in the Central District, disagree. *Monaco* 2012 WL 12506860, at *3 ("even if the Ninth Circuit does grant Defendants' Rule 23(f) Petition, Defendants have not demonstrated that they have a "substantial case

OPPOSITION TO DEF'S MOTION TO STAY LITIGATION
PENDING RULE 23(f) APPEAL

for relief on the merits.").

The distinctions between this situation and the facts presented in *Altamura v. L'Oréal, USA, Inc*., No. 11-1067, 2013 WL 4537175, at *3 (C.D. Cal. 2013), also cited by Plains, in which the district court granted a limited stay of proceedings, underscore precisely why Plains' request is not appropriate. *See* Mot. at 4,6,14, 15. There, the court granted a limited stay of proceedings related to a New York subclass pending appeal of its certification decision, but expressly held that the stay *did not* apply to a separate proposed California subclass, that was not yet certified. *Altamura* 2013 WL 4537175, at *3. The court explicitly ordered that discovery as to the uncertified subclass must continue during the appeal so that the litigation could proceed. *Id*. Moreover, in that case, the parties had agreed that some stay was appropriate, and further agreed that the stay proposed of one class would not impact proceedings on behalf of remaining plaintiffs.

There is no way to separate the needs of the Oil Industry subclass and other subclasses here. The "limited" stay that Plains seeks would have the effect of ending significant discovery for all three subclasses. Critically, Plains cites to no case in which a court stayed discovery based on a Rule 23(f) appeal, where other certified subclasses existed, entitled to the same discovery, that were not subject to the appeal. This Court should reject Plains' poorly disguised ploy to delay these proceedings.

## C. Plains' Request to Stay Dispositive Motions Merely Delays the Inevitable

Plains' request for an indefinite stay of *all* dispositive motions also fails, for the same reasons. As discussed above, the mere acceptance of the Rule 23(f) petition to appeal does not demonstrate a likelihood to succeed on the merits. Plains cannot demonstrate that the current schedule for dispositive motions would result in irreparable harm, but further delay of proceedings does impose unwarranted and unnecessary harm to Plaintiffs. Any legitimate concerns regarding the current

schedule can be resolved without imposing an indefinite stay, given this Court's considerable authority and discretion to manage its own docket. MANUAL FOR COMPLEX LITIGATION (FOURTH) §10.1 (2004) ("Although not without limits, the court's express and inherent powers enable the judge to exercise extensive supervision and control of litigation."). [Dkt. 456].

The last day to file dispositive motions before this Court is February 25, 2019, three months *after* the deadline for all briefing on the Plains' appeal, even under the current schedule.[5] And Plains has already indicated its intention to request that the Ninth Circuit establish an expedited schedule for appeal, as have Plaintiffs. Mot. at 13:3-10. Meanwhile, the dispositive motion deadlines for briefing, hearing on the motion and this Court's ruling, will extend weeks, if not months, beyond early 2019. Each of these deadlines is controlled by this Court. There is no need to preemptively stay proceedings to avoid the mere possibility that the Ninth Circuit's decision would be rendered after this Court rules on dispositive motions. But if that possibility becomes a probability, the deadlines could be stayed or extended at that time.[6]

Nor can Plains legitimately argue that the Ninth Circuit's ruling might render moot the dispositive motion questions, resulting in unnecessary legal costs. Mot. at 14:7-9. There is nothing before the Court of Appeals that would affect questions relevant to the Fisher or Property subclasses. Plains' request that *all* dispositive motions be stayed is unacceptably broad. But even those questions of law that apply exclusively to the oil industry plaintiffs must be faced eventually, regardless of the outcome of the appeal. Were the Oil Industry subclass decertified, the named plaintiffs would still have individual causes of action, to which the same questions

---

[5] Plains opening brief before the Ninth Circuit is due October 4, 2018, Plaintiffs' answering brief is due November 5, 2018, with Plains' optional answering brief due Monday November 26, 2018. (Dkt. 456)
[6] Plains brazenly presumes that it still maintains the right to reassert these defenses in yet another dispositive motion. Plains already moved, and lost, summary judgment as to the oil industry plaintiffs. *See* Dkt. 350.

OPPOSITION TO DEF'S MOTION TO STAY LITIGATION
PENDING RULE 23(f) APPEAL

of law apply.[7] In such circumstances "summary judgment briefs will be of use even if the defendants prevail on their appeal." *In re Rail Freight*, 286 F.R.D. at 93. The existing schedule poses no additional burden or irreparable harm to Plains.

Plains' argument that the "one-way intervention rule" justifies its request is also misplaced. Mot. 9-10.[8] As noted above, it is unlikely that the present schedule would create a situation in which oil workers postpone their decision to opt out until after the Court rules on dispositive motions. Indeed, the schedule at present anticipates an opt out deadline *months* in advance of the briefing deadlines at issue in this Court and the Ninth Circuit. If it appears, more than six months from now, that the February, 2019 deadline poses a real risk of one-way intervention, this Court could easily take control of its dispositive motion calendar.

By contrast, an indefinite stay of all dispositive motions clearly places a significant burden on all class members, including those whose claims are unrelated to Plains' appeal. *See also In re Rail Freight*, 286 F.R.D. at 93-94 ("[D]elayed resolution of the claims would substantially harm class members, as a stay would postpone summary judgment and trial for many months, or possibly over a year."). Pursuing discovery now, and disturbing the dispositive motion schedule only if and when it becomes necessary, avoids needless delays without increasing costs. A solution that places no additional burden on Plains, with significantly less burden on Plaintiffs, while maintaining the efficiency of the proceedings, serves the interests of the parties, the public and this Court.

---

[7] Indeed, it is presumably on this basis that Plains has rejected *every* OPA claim presented to it by those in the oil industry.

[8] Plaintiffs do not concede that Plains interpretation of this doctrine, or its applicability here, are correct, and reserve their rights to address the issue when ripe. At present, the greater problem is that the argument is premature.

**D.    Delay of Class Notice is Not Warranted Because Any Legitimate Concerns Can Be Addressed, Through the Notice and Notice Procedures**

**1.    Notice can be issued with curative language and procedures to avoid confusion and minimize costs.**

This Court has already approved Plaintiffs' Plan of Notice, which includes mailed notice directed to members of the Oil Industry subclass, as well as published notice to be conducted jointly with the Property subclass. The notice plan has been drafted and is ready for roll-out. After the Ninth Circuit accepted Plains' 23(f) appeal, Plains informed Plaintiffs that it would move to stay notice. As a courtesy, Plaintiffs have suspended delivery of the oil industry notice, until after this Court rules on the motion to stay.

Implicit in the Rule 23 directive that members of a class are entitled to "the best notice that is practicable," is that notice should be timely. Fed. R. Civ. P. 23(c)(2)(B); MANUAL FOR COMPLEX LITIGATION (FOURTH) §21.311 (2004) ("Ordinarily, notice to class members should be given promptly after the certification order is issued."). While district courts sometimes delay notice pending appeal, Mot. at 11, the opposite is also true. *See* WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS §8.11 (5th Ed. 2018) ("Some courts have interpreted the need to send notice promptly as trumping even the possibility that the certification decision will be reversed on appeal, hence ordering that notice be sent even while the certification decision is actively being appealed.")

These facts do not warrant a delay. Once again, any legitimate concerns of confusion can be addressed without disrupting the current notice schedule, and at far less cost. The problem is cured by simply adding language to the proposed notice to advise class members that an appeal is pending and inviting them to call the existing dedicated toll-free number, or register on-line using the existing dedicated website, to receive information regarding the outcome of the appeal once it is available. *See* Declaration of Shannon Wheatman, attached. A revised form of

OPPOSITION TO DEF'S MOTION TO STAY LITIGATION
PENDING RULE 23(f) APPEAL

notice is provided for the Court's consideration and approval. *Id.,* Exs. A and B.[9]
The addition of this language eliminates the need for "conflicting notices" that
might confuse class members, or create additional costs. Mot. 6-8; *In Re Apple &
ATTM Antitrust Litig.*, No. 07-05152, 2010 WL 11489069, at *3 (N.D. Cal. 2010).

Plains makes no claim of additional costs to *Plains* resulting from timely
notice. An indefinite stay of notice, by contrast, will "work damage to someone
else," *i.e.* the Oil Industry subclass. Issuing notice now would provide accurate
information to class members of their rights and the state of the litigation, including
the pending appeal. Being kept in the dark about the status of the petition, while
other subclasses receive notice, or left to glean information through word-of-mouth
or social media, would be far more confusing.

Neither will subsequent action by the Ninth Circuit sow confusion. If the
Ninth Circuit upholds this Court's class certification order, the action continues as
normal and without delay. If the Ninth Circuit narrows the class or amends the
definition, a registry will already be in place to assure prompt notice of these
changes. If the Ninth Circuit denies certification, members of the decertified class
can be notified promptly through the registry, with all their existing rights still
preserved. Under any of these scenarios, Plaintiffs' proposed amended notice serves
the interest of the parties and the public than Plains' request for greater delay
would.

Prompt notice will also eliminate the possibility of one-way intervention,
Mot. at 9-11, more effectively than a delay in notice could. By issuing notice in the
timeframe contemplated by the current Plan, oil workers would be required to opt
out sometime in November, 2018 (depending upon the exact date of mailing and
publication), around the same time that appellate briefing is completed and long

---

[9] Specifically, Plaintiffs propose adding the following statement: "Plains has filed
an appeal with the Ninth Circuit Court of Appeals requesting that the oil industry
subclass not be allowed to move forward as a class.    Please register at
www.PlainsOilSpill.com or call 1-888-684-6801 to be kept informed about the
progress of this appeal."

before the February, 2019 deadline for dispositive motions. Indeed, it is only by *granting* Plains' request to stay notice that the question of one-way intervention could even arise.

Not one of the cases cited by Plains to support its argument, Mot. at 6-7, mandates a different result. The balance of hardship fell differently in those situations. *See In re Rail Freight* 286 F.R.D. at 94 (plaintiff proposed a two-step notice procedure that the district court considered duplicative, no other option was offered); *Brown* 2012 WL 5818300 at *4 ("class members' privacy interest are implicated" where private information, including social security numbers, was required); *Altamura*, 2013 WL 4537175 at *2 (both parties requested a partial stay, defendants' request for broader stay rejected); *Willcox v Lloyds TSB Bank, PLC*, 2016 WL 917893 (D. Haw. 2016) at *6-7 (defendant only requested a two month stay where trial date was two and a half months away); *In re Apple*, 2010 WL 11489069 at *3 (discovery was already stayed for other reasons, defendants requested only a 60 day stay while Rule 23(f) request for interlocutory appeal was pending); *Rodriguez v. Penske Logistics, LLC*, No. 2:14-02061, 2017 WL 4132430 (E.D. Cal. 2017) at *4 (discussing dangers of "an incorrect decision on a motion for preliminary approval and certification," on review of a settlement class). This Court should exercise its discretion, in light of the facts in *this* case, to craft a solution that avoids further delay of this litigation, while still ensuring judicial efficiency and minimizing burden on any party.

### 2. Notice to oil workers will not harm Plains' reputation and is not a basis for delay.

Finally, Plains' argument that it will suffer reputational damage is meritless. Mot. at 6. The injury to Plains' reputation is decidedly self-inflicted, and occurred more than three years ago, on May 19, 2015, when Plains failed to prevent the environmental disaster it inflicted on the Central Coast. Since then, the oil spill, and Plains' involvement in it, has been the subject of prolonged litigation, massive

media coverage, a grand jury investigation, criminal indictment, a pending criminal trial, and even a documentary.[10] The oil worker notice is not even an oil droplet in the bucket of that reputational catastrophe.

This situation is a far cry from a consumer protection lawsuit in which the intended recipients of the class notice might be "shocked and appalled" to learn that a beloved corporation has been accused of wrongdoing. *See* Mot. at 6. Members of the Oil Industry subclass will hardly be surprised to learn that some of their former colleagues have initiated litigation against Plains on their behalf. The entire class is well aware that their livelihoods have been in jeopardy for the past three years while Plains' Pipeline is shut down as a result of the spill. Any injury to Plains' reputation among these class members was cemented long ago.

The additional incremental impact to Plains' public image, if any, is also negligible, given that the mailing and publication is slated to occur concurrently with notice to the Property class, and in the midst of the criminal trial coverage. Plains cannot justify its request and fails to meet its burden here.

### III.   CONCLUSION

The California Central Coast has already marked the third anniversary of the environmental disaster caused by the rupture of Plains' Pipeline. The fishers, oil workers and property owners impacted by this devastating event have fought mightily, through challenges to the sufficiency of their claims and their ability to proceed in a collective action, in order to finally have their day in court. Further delay, that would keep class members in the dark, is not the answer.  Plaintiffs urge this Court to deny Plains' motion.

---

[10]  Broke: The Santa Barbara Oil Pipeline Spill of 2015 (2017); described at https://www.imdb.com/title/tt7580276/plotsummary?ref_=tt_ov_pl (last visited August 5, 2018).

Dated:  August 6, 2018

Respectfully submitted,

KELLER ROHRBACK L.L.P.

By: */s/Juli E. Farris*
　　　　Juli E. Farris
Juli E. Farris (CSB No. 141716)
Matthew J. Preusch (CSB No. 298144)
KELLER ROHRBACK L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone:  (805) 456-1496
Facsimile:  (805) 456-1497

Lynn Lincoln Sarko
*(Admitted Pro Hac Vice)*
Gretchen Freeman Cappio
*(Admitted Pro Hac Vice)*
Daniel Mensher
*(Admitted Pro Hac Vice)*
KELLER ROHRBACK L.L.P.
1201 Third Ave, Suite 3200
Seattle, WA 98101
Telephone:  (206) 623-1900
Facsimile:   (206) 623-3384

Robert L. Lieff (CSB No. 037568)
Elizabeth J. Cabraser (CSB No. 083151)
Robert J. Nelson (CSB No. 132797)
Wilson M. Dunlavey (CSB No. 307719)
LIEFF CABRASER
HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956.1000
Facsimile:  (415) 956.1008

*Class Counsel*

- 18 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A. Barry Cappello (CSB No. 037835)
Leila J. Noël (CSB No. 114307)
Lawrence J. Conlan (CSB No. 221350)
David L. Cousineau (CSB No. 298801)
CAPPELLO & NOËL LLP
831 State Street
Santa Barbara, CA 93101-3227
Telephone:  (805) 564-2444
Facsimile:   (805) 965-5950

*Lead Trial Counsel and Class Counsel*

William M. Audet (CSB No. 117456)
Ling Y. Kuang (CSB No. 296873)
AUDET & PARTNERS, LLP
711 Van Ness Avenue
Suite 500
San Francisco, CA  94102
Telephone:  (415) 568-2555
Facsimile:   (415) 568-2556

*Class Counsel*

- 19 -

## **CERTIFICATE OF SERVICE**

I, Juli Farris, hereby certify that on August 6, 2018, I electronically filed the foregoing with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*/s/ Juli E. Farris*
JULI E. FARRIS

OPPOSITION TO DEF'S MOTION TO STAY LITIGATION
PENDING RULE 23(f) APPEAL