UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#554

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court GRANTS IN PART and DENIES IN PART the motion for summary judgment

Before the Court is Defendants Plains All American Pipeline, L.P. and Plains Pipeline, L.P.'s ("Defendants") motion for summary judgment as to the property subclass. *See* Dkt. # 554 ("*MSJ*"). The Plaintiffs in this action oppose, *see* Dkt. # 583 ("*MSJ Opp.*"), and Defendants replied, *see* Dkt. # 598 ("*MSJ Reply*"). Also before the Court are supplemental briefs submitted by Defendants, *see* Dkt. # 635 ("*Def. Supp.*"), and by Plaintiffs, *see* Dkt. # 636 ("*Pl. Supp.*"). The Court held a hearing on the matter on March 2, 2020. Having considered all of the papers and the arguments made at the hearing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment.

I.  Background

    A.  Factual Background

On May 19, 2015, Plains' Line 901 Pipeline in Santa Barbara County failed and leaked oil, some portion of which reached the Pacific Ocean near Refugio State Beach. *See Defendants' Statement of Uncontroverted Facts*, Dkt. # 554-2 ("*SUF*"), ¶¶ 1–3. The cause of the rupture was corrosion that occurred under the Pipeline's insulation. *Plaintiffs' Statement of Genuine Disputes*, Dkt. # 583-1 ("*SGD*"), ¶ 68.

    B.  Procedural Background

Plaintiffs filed this putative class action, in part on behalf of persons whose property was impacted by the spill. *See generally Second Amended Complaint*, Dkt. # 88 ("*SAC*"). Plaintiffs bring the following claims:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

First Claim for Relief: Strict Liability under the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act, Government Code Section 8670, et seq. *Id.* ¶¶ 261–72.

Second Claim for Relief: Strict Liability for Ultrahazardous Activities. *Id.* ¶¶ 273–83.

Third Claim for Relief: Negligence. *Id.* ¶¶ 284–96.

Fourth Claim for Relief: Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code 17200, et seq. *Id.* ¶¶ 297–304.

Fifth Claim for Relief: Public Nuisance. *Id.* ¶¶ 305–16.

Sixth Claim for Relief: Negligent interference with prospective economic advantage. *Id.* ¶¶ 317–27.[1]

Seventh Claim for Relief: Trespass. *Id.* ¶¶ 328–36.

Eighth Claim for Relief: Continuing private nuisance. *Id.* ¶¶ 337–49.

Ninth Claim for Relief: Nuisance per se. *Id.* ¶¶ 350–54.

Tenth Claim for Relief: Permanent injunction. *Id.* ¶¶ 355–59.[2]

On April 17, 2018, this Court certified the following "Property Subclass" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

---

[1] Plaintiffs concede that the oiled and unoiled properties do not have claims for negligent interference with prospective economic advantage. *See MSJ Opp.* 13 n.10; 22 n.18. The Court therefore **GRANTS** the motion for summary judgment as to the negligent inference with prospective economic advantage claim (the sixth claim for relief).

[2] This Court has rejected certification of a Rule 23(b)(2) injunctive relief class for the nuisance claim, *see* Dkt. # 257 at 4–5, and Plaintiffs do not argue or attempt to proceed on their injunctive relief claim here. Nor do Plaintiffs assert they can proceed on their Unfair Competition Law claim. *See generally MSJ Opp.* Accordingly, the Court **GRANTS** summary judgment as to the fourth and tenth claims for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

> Residential beachfront properties on a beach and residential properties with a private easement to a beach (collectively "Included Properties") where oil from the 2015 Santa Barbara oil spill washed up, and where the oiling was categorized as Heavy, Moderate or Light, as identified in Exhibit A to Plaintiffs' renewed motion.

Dkt. # 454 at 18; *see also* Dkt. # 428-2 ("Exhibit A").

The Property Subclass comprises residential properties that abut the mean high tide line and have some private beach on their properties (the "Oiled Properties"), as well as properties that do not abut the mean high tide line but directly front the beach and did not experience physical oiling (the "Unoiled Properties"). *MSJ Opp.* 4:23–5:5; *SUF* ¶¶ 28–31, 33; *SGD* ¶¶ 25, 37. For the Subclass properties that do not abut the mean high tide line, some are located on a cliff, some are separated from the beach by a parking lot, walkway, or street. *See SGD* ¶¶ 37–38; *Defendants' Reply in Support of Uncontroverted Facts*, Dkt. # 598-1 ("*RSUF*"), ¶¶ 37–38. Plaintiffs argue that the unoiled properties that do not abut the mean high tide line "lost regular use and enjoyment of their properties as well as the public beach." *See MSJ Opp.* 5:2–5; *Declaration of Wilson M. Dunlavey*, Dkt. # 584 ("*Dunlavey Decl.*"), Ex. 15 ("*Bell Rebuttal Decl.*"), ¶ 15.

On October 21, 2019, Defendants moved to strike Plaintiffs' experts' opinions, to decertify the Property Subclass, and for summary judgment as to the Property Subclass. *See MSJ*; Dkts. # 555, 556, 557. On January 16, 2020, the Court denied Defendants' motions to strike Plaintiffs' experts' opinions, and denied the motion to decertify the Property Subclass. *See* Dkt. # 624. Defendants argued that because some properties could not have been oiled, more than half of the Subclass members were demonstrably uninjured, but the Court disagreed. *See id.* at 16. The Court explained that "whether Plaintiffs' theory of injury for the Unoiled Properties is legally cognizable is a merits determination, and the Court previously determined that the Unoiled Properties that front the beach – residential properties directly fronting a beach with no structure between the property and the beach, on beaches polluted by oil – are subject to common proof to demonstrate injury." *Id.* In certifying the class, the Court had concluded that each claim and the legal questions presented were subject to common, subclass-wide resolution. *Id.* at 18, n.3. The Court saw no reason to depart from that conclusion. *See id.* at 21.

    C.    <u>Expert Evidence</u>

Plaintiffs' expert Dr. Igor Mezić has developed an algorithm to predict ocean oil transport and fate. *See Declaration of Jordan X. Navarette*, Dkt. # 558 ("*Navarette Decl.*"), Ex. 1 (March

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

29, 2019 Expert Report of Igor Mezić) ¶ 17 ("*March 29, 2019 Mezić Report*"). Dr. Mezić applied his algorithm to Plains' oil spill, and provided an analysis of where the oil traveled, became submerged, and washed ashore, and the extent to which un-beached oil re-appeared on the shoreline. *Id.* ¶¶ 33–35. Dr. Mezić's model identifies the beaches that were oiled by Plains' spill, it determines how long the beaches were oiled at a level of "light" or above according to government classifications, and subdivided each area by property boundary. *Id.* ¶ 45. Using geographical coordinates of each property, Dr. Mezić determined the concentration of oil on beaches and calculated a daily average. *Id.* ¶¶ 46–47. He concluded that the amount of oil above the mean high tide line[3] was "substantial." *Id.* ¶ 49.

Plaintiffs' expert Dr. Randall Bell is a real estate economist and licensed appraiser. He is Plaintiffs' only expert to opine on how oil on the beach affects members of the Subclass. *SUF* ¶ 11; *see Dunlavey Decl.*, Ex. 24 (Corrected Declaration of Randall Bell) ¶¶ 18–21 ("*Corrected Bell Decl.*"). He calculated the Subclass's damages through a mass appraisal using multiple regression analysis and land matched pair analysis. *See Dunlavey Decl.*, Ex. 14 ("Bell Expert Report"), at 7–8, 95–96. This analysis determined the reduced rental value of the affected properties: the unimpaired rental rate of the Subclass beachfront properties minus the rental rate of a control group of properties that did not have beach frontage, over the period where the beach amenity was lost due to oiling. *See id*. His calculations span only the period where the affected properties and beaches were impacted by the oil spill to a light, moderate, or heavy degree, based on NOAA categories and as determined by Dr. Mezić. *Id.* at 7–8.

II.     Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477

---

[3] The mean high tide line is "the line of high water as determined by the course of the tides," the "State owns all tidelands along the California coast in trust for the public," and those tidelines extend to the high-water mark. *Bollay v. Office of Admin. Law*, 193 Cal. App. 4th 103, 108 (2011). The mean high tide line is the demarcation between public and private property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III. Discussion

Defendants move for summary judgment on all claims brought by the Property Subclass members. *See generally MSJ*. The Court turns first to the claims of the Subclass members with Unoiled Properties, and then to the claims of the Subclass members with Oiled Properties.

    A. Unoiled Properties

    i. *Private Nuisance and Nuisance Per Se*

Defendants make two arguments as to why summary judgment should be granted with respect to the private nuisance claim: (1) Plaintiffs' evidence is insufficient to support a cognizable injury suffered by the Unoiled Properties; and (2) Subclass members cannot recover based on Plaintiffs' theory of damages. *See MSJ* 10–14. The Court takes these arguments in turn.

    1. *Injury*

In California, a nuisance is "[a]nything which is injurious to health . . . or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway[.]" Cal. Civ. Code § 3479. A private nuisance is "a

Case 2:15-cv-04113-PSG-JEM   Document 655   Filed 03/17/20   Page 6 of 17   Page ID #:31844

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

nontrespassory interference with the private use and enjoyment of land." *San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal. 4th 893, 937 (1996).

"[T]he essence of a private nuisance is its interference with the use and enjoyment of land . . . The activity in issue must disturb or prevent the comfortable enjoyment of property." *Oliver v. AT&T Wireless Servs.*, 76 Cal. App. 4th 521, 534 (1999) (internal citations and quotation omitted). A nuisance does not require physical invasion across the property line. *Venuto v. Owens-Corning Fiberglas Corp.*, 22 Cal. App. 3d 116, 126 (1971). "An interference need not directly damage the land or prevent its use to constitute a nuisance; private plaintiffs have successfully maintained nuisance actions against airports for interferences caused by noise, smoke and vibrations from flights over their homes . . . and against a sewage treatment plant for interference caused by noxious odors." *Koll-Irvine Ctr. Prop. Owners Ass'n. v. Cty. of Orange*, 24 Cal. App. 4th 1036, 1041 (1994). The interference must be both substantial and unreasonable. *Fashion 21 v. Coal. for Humane Immigrant Rights of Los Angeles*, 117 Cal. App. 4th 1138, 1154 (2004). Whether an interference is substantial and unreasonable is judged by an objective standard of a reasonable person, and is a question of fact. *San Diego Gas & Elec. Co.*, 13 Cal. 4th at 938; *see also Quechan Indian Tribe v. United States*, 535 F. Supp. 2d 1072, 1123 (S.D. Cal. 2008). "[T]o proceed on a private nuisance theory the plaintiff must prove an injury specifically referable to the use and enjoyment of his or her land." *Koll-Irvine*, 24 Cal. App. 4th at 1041. The main issue here is whether Subclass members with Unoiled Properties have a triable issue of an injury specifically referable to the use and enjoyment of their private properties.

Defendants argue that the Unoiled Properties do not have valid injuries to support a nuisance cause of action. Although "an interference with view from land may amount to a nuisance," a party cannot recover simply for a neighboring structure that "looms over" their property, without evidence that it "disrupted the use of their property," in other words, a tower's "displeasing height and shape" alone, or a lawful neighboring tower's obstruction of "the passage of light and air" or "view" are insufficient. *See Oliver*, 76 Cal. App. 4th at 534 (holding "the displeasing appearance of an otherwise lawful structure on one side of a boundary" did not constitute a nuisance); *Venuto*, 22 Cal. App. 3d at 127.

In addition, Defendants rely on *Roark v. State of Cal. ex rel. Dept. Parks & Recreation*, 20 Cal. App. 3d 155 (1971), for the proposition that California law does not allow a nuisance claim based on inability to use and enjoy nearby property. *See MSJ* 10–11; *Def. Supp.* 4. In that case, the State of California had constructed a barricade at the end of a street in the subdivision where the plaintiffs were property owners, which prevented them from being able to access the

Case 2:15-cv-04113-PSG-JEM   Document 655   Filed 03/17/20   Page 7 of 17   Page ID #:31845

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | | Date | March 17, 2020 |
|---|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | | |

beach by means of the street, although pedestrian access was still available. *Roark*, 20 Cal. App. 3d at 157–58. The court explained that the property owners failed to establish that the barricade of the street had damaged them in a manner different from the public. *Id.* Ultimately, the court concluded that the blockage of a road to beach vehicular access, where pedestrian access to the beach was still available, was not actionable. *See id.* Defendants argue, here, that Subclass members with Unoiled Properties had no property right above and beyond that of the general public to use the beach, even if Plaintiffs paid a premium to live near it. *See Def. Supp.* 4.

Plaintiffs nevertheless argue that their evidence of the level and duration of oiling from the spill on the beaches in front of these Subclass members' properties is sufficient to create a triable issue as to whether the Subclass members with Unoiled Properties experienced a nuisance. *See MSJ Opp.* 16. Plaintiffs rely in part on *Kempton v. City of Los Angeles*, in which a nuisance was sufficiently alleged where a fence blocked the plaintiffs' sightline upon entering and exiting the garage, causing the plaintiffs concern about hitting pedestrians when going to and from their property. 165 Cal. App. 4th 1344, 1347 (2008). As in *Kempton*, Plaintiffs argue, the oil interfered with the Subclass's sightlines and ability to normally enjoy the beach-facing portions of their private property, such as front porches and other private beachland fronting public beaches, as the ocean and beach were marred with oil. *See MSJ Opp.* 16:12–17; *SGD* ¶ 25; *Kempton*, 165 Cal. App. 4th at 1344; *see also Lee Cty. v. Kiesel*, 705 So. 2d 1013, 1015–16 (Fla. Dist. Ct. App. 1998) (holding that an off-property bridge constituted an "intrusion of an appurtenant right" of a riverfront property owner when it disrupted the property's sightline to the water of the channel); *San Francisco Sav. Union v. R.G.R. Petroleum & Mining Co.*, 144 Cal. 134, 135 (1904) (noting that "the prospect of ocean view is sacred from individual obstruction and contamination"). All of these Subclass members have properties on the coast and with no buildings or structures between them and the beach. *See Reply* 6:16–18; *SUF* ¶¶ 36–38; *SGD* ¶¶ 36–38 ("Bell defines beachfront to include 'properties that are fronting the beach that are sold . . . as beachfront properties' that are 'along the coastline' where '[t]here is not a structure between you and . . . the beach'").

The Court agrees with Plaintiffs that a jury could determine from Plaintiffs' evidence of the level and duration of oil contamination along beaches caused by the spill that such oil interfered with and "disturb[ed] or prevent[ed] the comfortable enjoyment of" the private properties fronting the beach due, for instance, to the oil contaminant's interference with their properties' sightlines. Unlike Defendants' authorities, in which, for instance, a *lawful* neighboring building could not constitute a nuisance based on its blockage of light alone, the Court cannot conclude that no triable issue exists as to whether the characteristics of toxic oil on beaches adjacent to private property could not interfere with the use and enjoyment of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

beachfront private property. *See Venuto*, 22 Cal. App. 3d at 127. Ultimately, the Court concludes that it is up to the jury to determine if Plaintiffs' evidence of the spill of toxic oil on miles of beach rose to the level of nuisance for a "reasonable person," for the Unoiled Properties fronting the beach.

### 2. *Continuing Nuisance Damages*

Defendants argue that neither the Oiled nor the Unoiled Properties can recover for their theory of damages because their theory of damages is "temporary diminution in property value," which is not legally recoverable. *See MSJ* 12:16–18. Plaintiffs allege a continuing nuisance here. *See SAC* ¶ 337–49.

The "paradigmatic judicial resolution of continuing nuisance is ordering defendants to abate the nuisance and compensating plaintiffs for loss of use of their property." *Orange Cty. Water Dist. v. Unocal Corp.*, No. SACV 03–01742–CJC(ANx), 2016 WL 11201024, at *4 (C.D. Cal. Nov. 3, 2016) (citing *Santa Fe P'ship v. Arco Prods. Co.*, 46 Cal. App. 4th 967, 980 (1996)). However, for continuing nuisance damages, California law "is nuanced and varied." *Id.* Courts will occasionally award loss of rental value damages for continuing nuisance. *See, e.g.*, *Spaulding v. Cameron*, 127 Cal. App. 2d 698, 705 (1954) (*Spaulding I*) (awarding loss of rental value); *Guttinger v. Calaveras Cement Co.*, 105 Cal. App. 2d 382, 387 (1951) ("But the damage here was shown to be temporary in character and in such cases the general rule is that the measure of damages is the difference in the rental or usable value of the premises before and after the injury."); *Qualls v. Smyth*, 148 Cal. App. 2d 635, 637 (1957) (same). In *Spaulding v. Cameron*, the California Supreme Court concluded that a party cannot have "double recovery," for instance by recovering "for the depreciation in value [of her damaged property] and also hav[ing] the cause of that depreciation removed." 38 Cal. 2d 265, 266 (1952) (*Spaulding II*); *see also Santa Fe P'ship*, 46 Cal. App. 4th at 975 ("[A] plaintiff-landowner cannot recover damages for future or prospective harm, including damages for diminution in value, in a case where the nuisance is deemed to be continuing and abatable.").

Defendants rely on *Santa Fe Partnership*, 46 Cal. App. 4th at 968. In that case, the plaintiffs who purchased land on which there had been a chemical spill by ARCO brought suit, and admitted they "had not suffered any costs of abatement because ARCO had been remediating the contamination on the property at its own expense," they had not suffered, and probably would not suffer "any loss of use of their property because the contamination did not interfere with the motel operations," and thus they claimed only "post-cleanup stigma damages." *See id*. The court concluded: "[n]o case of which we are aware permits a plaintiff to recover

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | | Date | March 17, 2020 |
|---|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | | |

diminution in market value damages caused by the stigma of contaminated land in this context, where the landowners claim the nuisance was abatable and temporary, rather than permanent or indefinite." *Id.* at 976.

Relying on *Santa Fe Partnership*, Defendants argue that Plaintiffs cannot recover here because they allege a "temporary, abatable" nuisance, rather than a permanent one. *See MSJ* 12–13. Defendants argue that Plaintiffs' theory is not actual loss of income, "they claim an alleged loss of a percentage of a property's value," and the "value of the premium would be restored once the beach was no longer affected," which "is temporary diminution in value." *Id.* 13:4–13.

However, as Plaintiffs explain, Dr. Bell measures rental value, "isolat[ing] the rental premium associated with the beachfront properties' unique relationship to the beach," which rental value the class members' allegedly lost when the beach was contaminated with oil. *MSJ Opp.* 20. Plaintiffs also argue that Plains' "attempt to re-name Plaintiffs' theory of damages as diminution in value is wrong," because they are not alleging that "Plains caused a permanent nuisance that would permanently impact the value of their properties on the open market." *Id.* 21. Dr. Bell explains that his USPAP methodology values harm caused to the properties as follows: "[t]he lost value of the premium paid for [beach] amenities can be calculated as the unimpaired rental rate of the subject property, less the rental rate of an otherwise similar property without the beach proximity (i.e., a property that lacks those amenities) – over the period where this valuable amenity was effectively lost." *March 29, 2019 Bell Report* 7.

Plaintiffs do not seek future damages, they seek past rental value damages for a period of time when they suffered injury due to physical intrusion of oil on their properties impacting use (Oiled Properties), or interference with their reasonable use and enjoyment of their properties due to oiling on adjacent beach (Unoiled Properties). The Court cannot conclude that Plaintiffs' measure of damages for their continuing nuisance claim is invalid as a matter of law based on this argument.[4]

---

[4] In addition, Defendants argue that Subclass members cannot prevail on their damages theory because they cannot show actual loss of use. As explained in *B.i.*, below, the Court is not convinced that that is required for California Civil Code § 3334. Even if California Civil Code § 3333 applies to the Unoiled Properties' nuisance claim, which states "[f]or the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not," the Court is not convinced that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

Accordingly, Defendants' motion for summary judgment as to Unoiled Properties' continuing private nuisance and per se nuisance claims is **DENIED**.

    ii.    *Negligence*

Defendants argue that in order to have a viable negligence claim, pursuant to the California Supreme Court's ruling in *Southern California Gas Leak Cases*, 7 Cal. 5th 391 (2019), a Subclass member's property must be physically oiled. *See MSJ* 8–9. Plaintiffs respond that they have alleged a viable injury to property, rather than a loss of profits, sufficient for a negligence claim. *See MSJ Opp.* 22:1–20.

In *Southern California Gas*, the Court explained that there is generally no duty in tort to guard against "purely economic loss," which is a loss that "does not arise from actionable physical, emotional, or reputational injury to persons or physical injury to property." 7 Cal. 5th at 398; *see also Cal. Dep't of Toxic Substances Control v. Payless Cleaners, Coll. Cleaners*, 368 F. Supp. 2d 1069, 1084 (E.D. Cal. 2005) ("In California, plaintiffs may seek remedies for strict liability and negligence only for physical injury to person or property, and not for pure economic losses.") (citing *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18–19 (1965)). The Court in *Southern California Gas* analyzed the claims of various businesses asserting economic damages due to loss of income, based on their close geographic proximity to a natural gas leak, and ultimately concluded that the claims are not compensable in negligence. *So. Cal. Gas*, 7 Cal. 5th at 394. The Court said nothing about negligence claims where viable nuisance or claims involving injury to real property were alleged. *See generally id.*; *see also Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 400 (1992) (involving commercial losses in economic transaction); *Biakanja v. Irving*, 49 Cal. 2d 647, 651 (1958) (same).

"When a proper injury has been alleged, the plaintiff may claim economic loss for that injury." *City of Pomona v. SQM N. Am. Corp.*, No. CV 11-00167-RGK (VBKx), 2011 WL 13318239, at *2 (C.D. Cal. Dec. 15, 2011), aff'd, 750 F.3d 1036 (9th Cir. 2014) (citing *In re MTBE Prods. Liability Litig.*, 457 F. Supp. 2d 455, 462 (S.D.N.Y. 2006)). A private nuisance is "a nontrespassory interference with the private use and enjoyment of land." *San Diego Gas & Elec. Co.*, 13 Cal. 4th at 937. Where plaintiffs assert an injury to a property interest, rather than solely economic harm, some courts have concluded that such claims are not barred by the economic loss rule. *See In re MTBE Prods. Liability Litig.*, 457 F. Supp. 2d at 459 (economic

---

this requires a showing of actual loss of use. *See* Cal. Civ. Code § 3333; Restatement (Second) of Torts § 931(b); *Pl. Supp.* 9–10.

Case 2:15-cv-04113-PSG-JEM   Document 655   Filed 03/17/20   Page 11 of 17   Page ID #:31849

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | | Date | March 17, 2020 |
|---|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | | |

loss rule did not bar plaintiff water district's claim of injury to its usufructuary interest in its water sources that were contaminated by chemicals because the alleged harm was not purely economic); *Tipton v. CSX Transp., Inc.*, No. 3:15-CV-311-TAV-CCS, 2017 WL 10398182, at *10–12 (E.D. Tenn. Oct. 25, 2017) (economic loss rule did not bar plaintiffs' claims where plaintiffs did not rely on physical injury or property damage, but had alleged "temporary loss of the use and enjoyment of real property [which] constitutes property damage, not mere economic injury"). Similarly, here, the Court has concluded that Plaintiffs have alleged a viable nuisance claim, thus alleging a form of property injury, rather than merely commercial losses. As such, *Southern California Gas* does not clearly bar Plaintiffs' claims, and Defendants have not convinced the Court that summary judgment is appropriate based on the economic loss rule here.

Accordingly, Defendants' motion for summary judgment as to the Unoiled Properties' negligence claim is **DENIED**.

   *iii.*  OSPRA

Under OSPRA, the transporter of oil that causes a spill is "absolutely liable without regard to fault for any damages incurred by any injured person that arise out of, or are caused by, a spill." Cal. Gov't Code §§ 8670.56.5(a), 8670.3. Damages "include . . . [i]njury to, or economic losses resulting from destruction of or injury to, real or personal property, which shall be recoverable by any claimant who has an ownership or leasehold interest in property." *Id.* § 8670.56.5(h)(2).

Here, as discussed above, Plaintiffs have established an "injury to . . . real . . . property," in the form of their nuisance claim of injury to their use and enjoyment of their properties, which was "caused by" an oil spill. *See* Cal. Gov't Code §§ 8670.56.5(a), (h)(2); *MSJ Opp.* 14–15. Thus, Plaintiffs' OSPRA claim arises from harm to their private properties, not merely to public beaches. Defendants' citation to *In re Deepwater Horizon* does not move the needle, as that case involved a "speculative" claim for "pure stigma" damages, meaning solely a "reduction in the value of real property caused by the oil spill," rather than disruption to property rights. *See In re Deepwater Horizon*, 902 F. Supp. 2d 808, 813–17 (E.D. La. 2012) ("This order does not affect claims relating to property that was sold or property that was oiled, or any other claims that are outside the scope of 'Pure Stigma Claims.'").

Accordingly, Defendants' motion for summary judgment as to the Unoiled Properties' OSPRA claim is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

      iv.    *Ultrahazardous Liability*

      A person "who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm," and recovery for this strict liability claim "is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous." *Goodwin v. Reilley*, 176 Cal. App. 3d 86, 91 (1985) (quoting Restatement (Second) of Torts § 519). For liability, the plaintiff's injury must "result from" this kind of harm. *Crane v. Conoco, Inc.*, 41 F.3d 547, 550 (9th Cir. 1994). This Court has held that "economic harms are not the kind of harms that make transporting oil ultrahazardous," instead, such harms include "damage [to] adjoining properties." *Blue Water Boating*, 2017 WL 405425, at *4; *MSJ* 17–18.

      Defendants first argue that the economic loss rule again applies to bar Unoiled Properties' harms which are merely economic, but these Subclass members' have alleged injuries to their real property interests. *See Def. Supp.* 3; *MSJ Opp.* 23. As discussed, the Court is not convinced that the economic loss rule is applicable in these circumstances.

      Second, Defendants argue that because "Plaintiff's only theory of injury and damages" involve inability to use a public beach, and "do not involve physical damage to Subclass properties," those harms do not support an ultrahazardous liability claim. *See MSJ* 18. However, the Unoiled Properties have experienced property-based injuries resulting from the coating of oil along the shore fronting their private properties, from the oil spill. This is in contrast with the purely economic loss experienced in *Blue Water Boating*, where the plaintiff lost business as a result of an oil spill. *See Blue Water Boating*, 2017 WL 405425, at *1, *4.

      Defendants have not otherwise argued that transporting oil is not ultrahazardous, nor explain why the activity should not be considered ultrahazardous with reference to the factors typically used to assess this question. *See generally MSJ*; *Blue Water Boating*, 2017 WL 405425, at *4. Defendants have not demonstrated that there is no triable issue of fact here. Accordingly, Defendants' motion for summary judgment as to the Oiled Properties' ultrahazardous liability claim is **DENIED**.

      v.    *Public Nuisance*

      "A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons." Cal. Civ. Code § 3480. "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

otherwise." *Id.* § 3493. "[A] plaintiff may maintain a private nuisance action based on a public nuisance when the nuisance causes an injury to plaintiff's private property, or to a private right incidental to such private property . . . [f]urther, where the nuisance is a private as well as a public one, there is no requirement that the plaintiff suffer damage different in kind from that suffered by the general public." *Newhall Land & Farming Co. v. Superior Court*, 19 Cal. App. 4th 334, 342 (1993) (internal citation omitted); *see also Venuto*, 22 Cal. App. 3d at 124; *Orange Cty. Water Dist. v. Sabic Innovative Plastics US, LLC*, 14 Cal. App. 5th 343, 416–17 (2017) ("A property interest sufficient to support a cause of action for private nuisance is generally sufficient to support a cause of action for public nuisance as well.").

Because the Court concludes that Subclass members with Unoiled Properties have a private nuisance claim, they also have a public nuisance claim. *See Newhall Land & Farming Co.*, 19 Cal. App. 4th at 342.[5] The Court thus need not reach the question of whether they suffered a special injury. Accordingly, Defendants' motion for summary judgment as to the Unoiled Properties' public nuisance claim is **DENIED**.

    *vi.*    *Trespass*

Plaintiffs concede their trespass claim fails as a matter of law as to the Unoiled Properties. *MSJ Opp.* 22; *MSJ Reply* 3:2–5; *see also Wilson v. Interlake Steel Co.*, 32 Cal. 3d 229, 232–33 (1982) (a trespass plaintiff must prove physical "invasion" onto his or her property). Thus, the Court **GRANTS** the motion for summary judgment as to the Unoiled Properties' trespass claim.

    B.    <u>Oiled Properties</u>

    *i.*    *Trespass, Negligence, Private Nuisance and Nuisance Per Se*

As an initial matter, as to the Oiled Properties, Plaintiffs put forth evidence that oil invaded the private properties of this group and caused harm. *See generally MSJ Opp.*; *Koll-Irvine Ctr.*, 24 Cal. App. 4th at 1042–43 ("diminished use" of property is an "element[] of damage which must be caused by an interference with a property right"). Plaintiffs explain that Dr. Bell has "measured damages for wrongful occupation . . . by measuring the lost rental value attributable to the spill." *Pl. Supp.* 2:11–13. Defendants argue that Plaintiffs' negligence and

---

[5] Defendants do not otherwise contest that there is a public nuisance. *See generally MSJ*; *MSJ Opp.* 18–19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

nuisance claims fail because they are governed by Cal. Civ. Code § 3333, which requires proof that Plaintiffs were *actually using* or would have actually used the portion of property that was oiled. *See MSJ* 18:20–27 (citing *Metz v. Soares*, 142 Cal. App. 4th 1250, 1255–58 (2006)). Defendants argue that Plaintiffs' evidence is insufficient because where only a portion of property was wrongfully occupied, a plaintiff can only recover for the rental value of that portion, and Plaintiffs do not have evidence of portions of private property that were physically occupied. *See Def. Supp.* 7:25–8:7. Plaintiffs respond that § 3334[6] is applicable, and that, regardless, Defendants misinterpret § 3333 even if it does apply. *See MSJ Opp.* 11:14–16, n.9 (citing *Kinder Morgan*, 613 Fed. App'x at 564).

     The Restatement (Second) of Torts § 929, "concerning Harm to Land from Past Invasions," states that "[i]f one is entitled to judgment for harm to land resulting from past invasion . . . the damages include compensation for . . . the loss of use of the land," and provides "[t]he owner of the subject matter is entitled to recover as damages for the loss of the value of the use, at least the rental value of the . . . land during the period of deprivation. This is true even though the owner in fact has suffered no harm through the deprivation, as when he was not using the subject matter at the time." *Masayesva for & on Behalf of Hopi Indian Tribe v. Hale*, 118 F.3d 1371, 1383 (9th Cir. 1997) (citing Restatement (Second) of Torts § 929).

     *California v. Kinder Morgan Energy Partners, L.P.*, No. 07–CV–1883–MMA(WVG), 2013 WL 314825, at *1 (S.D. Cal. Jan. 25, 2013) is instructive. That case arose from the contamination and prolonged remediation of soil and groundwater on approximately 166 acres of City-owned land surrounding Qualcomm stadium. *See Kinder Morgan*, 2013 WL 314825, at *1. The defendant operated an adjacent industrial facility which handled petroleum products, it released petroleum products in the soil contaminating the City property and groundwater, and subsequently the defendant engaged in remediation of the contamination. *Id.* Despite the contamination, the City never cancelled a sporting event at the Property, lost use of the Property, or lost revenue from operating the Property. *Id.* The City sued the defendant, and the court granted summary judgment against the City on its alleged real estate damages "on the ground that nuisance and trespass damages under Cal. Civil Code § 3334 cannot be based on a hypothetical highest and best use, and are instead limited to 'the rental value of its land as it existed'—i.e., as a stadium", and on its loss of use damages theory on the ground that the City had failed to show that a drinking water project was viable, and thus the damages were

---

[6] Section 3334 states in part: "The detriment caused by the wrongful occupation of real property . . . is deemed to include the value of the use of the property for the time of that wrongful occupation." Cal. Civ. Code § 3334(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

speculative. *Kinder Morgan*, 613 Fed. App'x at 564; *Kinder Morgan*, 2013 WL 314825 at *12–24. The Ninth Circuit reversed, explaining "§ 3334 damages can be proved through estimates of a property's rental value based on hypothetical assumptions rather than its actual use." *Kinder Morgan*, 613 Fed. App'x at 564.

As in *Kinder Morgan*, where the plaintiff city was seeking damages for the contamination of soil and groundwater on its property pursuant to § 3334, here, Plaintiffs are seeking damages as to the Oiled Properties for oil contaminant intrusion on their private property. *See id.* Defendants have not provided persuasive arguments that the Oiled Properties cannot recover for such damages here, even if they cannot show actual use. Whether the degree and level of oiling demonstrated by Plaintiffs' experts is sufficient to establish injury on the Oiled Properties' claims is a question for the jury. As discussed above, the Court is not convinced that Plaintiffs' measure of damages for lost rental value is not recoverable because it is "temporary diminution of value."

Accordingly, the Court concludes that the Subclass members with Oiled Properties have triable issues as to their trespass, negligence, private nuisance, and nuisance per se claims. Defendants' motion for summary judgment as the Oiled Properties' claims on this basis is **DENIED**.

  *ii.*  *Public Nuisance*

Because the Court concludes that the Property Subclass members with Oiled Properties have a private nuisance claim, they also have a public nuisance claim. *See Newhall Land & Farming Co.*, 19 Cal. App. 4th at 342; *Orange Cty. Water Dist.*, 14 Cal. App. 5th at 416–17. Accordingly, Defendants' motion for summary judgment as to the Oiled Properties' public nuisance claim is **DENIED**.

  *iii.*  *OSPRA*

Plaintiffs have demonstrated that the Oiled Properties were invaded by oil from the spill, constituting an injury "caused by" the spill. *Blue Water Boating*, 2017 WL 405425, at *2 ("Defendants admit, 'If Blue Water had sufficiently alleged that its personal property was oiled, those damages might be OPA-compensable' . . . [h]ad these facts been alleged, Plaintiff likely would have stated a claim under OPA and OSPRA because it would have shown that the oil spill caused damage to the coastline[.]"); Dkt. # 419 at 21 ("[I]f oil invaded these properties and easements, then subclass members would have viable trespass and [OSPRA] claims."). There is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

thus a triable issue as to an OSPRA claim. Accordingly, Defendants' motion for summary judgment as to the Oiled properties' OSPRA claim is **DENIED**.

    iv.    *Ultrahazardous Liability*

As discussed above, Defendants argue that "[i]f transporting oil were ultrahazardous, it would be because of the risk of physical damage to persons or property from the spill," but not "economic harms." *See MSJ* 17–18. But the Oiled Properties have suffered physical intrusion on private property from the oil spill. *See MSJ Opp.* 12-13; *SGD* ¶ 72. Accordingly, Defendants' motion for summary judgment as to the Oiled Properties' ultrahazardous liability claim is **DENIED**.

    C.    <u>Summation</u>

The Court concludes as follows:

- As to the first claim for relief, strict liability under OSPRA, the Court **DENIES** summary judgment as to the Oiled and Unoiled Properties.

- As to the second claim for relief, strict liability for ultrahazardous activities, the Court **DENIES** summary judgment as to the Oiled and Unoiled Properties.

- As to the third claim for relief, negligence, the Court **DENIES** summary judgment as to the Oiled and Unoiled Properties.

- As to the seventh claim for relief, trespass, the Court **GRANTS** summary judgment as to the Unoiled Properties, and **DENIES** summary judgment as to the Oiled Properties.

- As to the fifth claim for relief, public nuisance, the eighth claim for relief, continuing private nuisance, and the ninth claim for relief, nuisance per se, the Court **DENIES** summary judgment as to the Oiled Properties and Unoiled Properties.

- As to the sixth claim for relief, negligent interference with prospective economic advantage the Court **GRANTS** summary judgment as to the Oiled Properties and Unoiled Properties. Plaintiffs do not assert they can proceed on their fourth claim for relief, violation of the UCL, or on their tenth claim for relief, permanent injunction, and accordingly the Court **GRANTS** summary judgment as to these claims, as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4113 PSG (JEMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Keith Andrews et al. v. Plains All American Pipeline, L.P. et al. | | |

IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment as to the claims of the Property Subclass as follows:

- The Court **GRANTS** summary judgment and **DISMISSES** the Subclass members with Unoiled Properties' claim for trespass (seventh claim for relief). In addition, the Court **GRANTS** summary judgment and **DISMISSES** all of the Subclass members' claims for negligent interference with prospective economic advantage (sixth claim for relief), violation of the UCL (fourth claim for relief), and permanent injunction (tenth claim for relief).

- The Court **DENIES** summary judgment on the Subclass members with Oiled Properties' claim for trespass (seventh claim for relief). The Court also **DENIES** summary judgment on all Subclass members' claims for strict liability under OSPRA (first claim for relief), strict liability for ultrahazardous activities (second claim for relief), negligence (third claim for relief), public nuisance (fifth claim for relief), continuing private nuisance (eighth claim for relief), and nuisance per se (ninth claim for relief).

  **IT IS SO ORDERED**.