FILED
CLERK, U.S. DISTRICT COURT
05/25/22
CENTRAL DISTRICT OF CALIFORNIA
BY: ___WH___ DEPUTY

LINK 944

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ANDREWS, an individual, TIFFANI ANDREWS, an individual. BACIU FAMILY LLC, a California limited liability company, ROBERT BOYDSTON, an individual, MORGAN CASTAGNOLA, an individual, THE EAGLE FLEET, LLC, a California limited liability company, ZACHARY FRAZIER, an individual, MIKE GANDALL, an individual, ALEXANDRA B. GEREMIA, as Trustee for the Alexandra Geremia Family Trust dated 8/5/1998, JIM GUELKER, an individual, JACQUES HABRA, an individual, MARK KIRKHART, an individual, MARY KIRKHART, an individual, RICHARD LILYGREN, an individual, HWA HONG MUH, an individual, OCEAN ANGEL IV, LLC, a California limited liability company, PACIFIC RIM FISHERIES, INC, a California corporation, SARAH RATHBONE, an individual, COMMUNITY SEAFOOD LLC, a California limited liability company, SANTA BARBARA UNI, INC., a California corporation, SOUTHERN CAL SEAFOOD, INC., a California corporation, TRACTIDE MARINE CORP., a California corporation, WEI INTERNATIONAL TRADING INC., a California corporation and STEPHEN WILSON, an individual, individually and on behalf of others similarly situated,,<br><br>  Plaintiffs,<br><br>  vs. | Case No. 2:15-cv-04113-PSG-JEM<br><br>[Consolidated with Case Nos. 2:15-cv-04573-PSG (JEMx), 2:15-cv-04759-PSG (JEMx), 2:15-cv-04989-PSG (JEMx), 2:15-cv-05118-PSG (JEMx), 2:15-cv-07051-PSG (JEMx)]<br><br>[PROPOSED] **ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**<br><br>Judge:     Hon. Philip S. Gutierrez<br>Courtroom: 6A |

2412762.4                  Case No. 2:15-cv-04113-PSG-JEM

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

| | |
|---|---|
| 1 | |
| 2 | PLAINS ALL AMERICAN PIPELINE, L.P., a Delaware limited partnership, and PLAINS PIPELINE, L.P., a Texas limited partnership, and JOHN DOES 1 through 10, |
| 3 | |
| 4 | |
| 5 | Defendants. |

|   |   |
|---|---|
| 1 | WHEREAS, plaintiffs Keith Andrews, Tiffani Andrews, Morgan Castagnola, |
| 2 | Mike Gandall, Hwa Hong Muh, Ocean Angel IV LLC, Pacific Rim Fisheries, Inc., |
| 3 | Sarah Rathbone, Community Seafood LLC, Santa Barbara Uni, Inc., Southern Cal |
| 4 | Seafood, Inc., Wei International Trading, Inc., individually and in their |
| 5 | representative capacities ("Fisher Class Representatives"), and Defendants Plains |
| 6 | All American Pipeline, L.P. and Plains Pipeline, L.P. (collectively "Plains" or |
| 7 | "Defendants") have reached a proposed settlement of the Fisher Class claims, which |
| 8 | is embodied in the Settlement Agreement filed with the Court. |
| 9 | WHEREAS, plaintiffs Baciu Family LLC, Alexandra B. Geremia, Jacques |
| 10 | Habra, Mark Kirkhart, and Mary Kirkhart ("Property Class Representatives"), and |
| 11 | Plains have reached a proposed settlement of the Property Class claims, which is |
| 12 | embodied in the Settlement Agreement filed with the Court. |
| 13 | WHEREAS, the Fisher Class Representatives and the Property Class |
| 14 | Representatives have applied to the Court for preliminary approval of the proposed |
| 15 | Settlement of the Action, the terms and conditions of which are set forth in the |
| 16 | Settlement Agreement; |
| 17 | NOW, THEREFORE, the Court having read and considered the Settlement |
| 18 | Agreement and accompanying exhibits and the Motion For Preliminary Settlement |
| 19 | Approval, and no opposition to the entry of this Order having been received, it is |
| 20 | hereby ORDERED THAT: |
| 21 | 1. The capitalized terms used in this Order Granting Preliminary Approval |
| 22 | of Proposed Settlement have the same meaning as defined in the Settlement |
| 23 | Agreement. |
| 24 | 2. The Court hereby preliminarily approves the Settlement, as embodied in |
| 25 | the Settlement Agreement, and finds, in accordance with Rule 23(e)(1)(B)(i) of the |
| 26 | Federal Rules of Civil Procedure, that it will likely be able to finally approve the |
| 27 | Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to Class |
| 28 |   |

Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

3. A Final Approval Hearing shall be held before this Court at 1:30 p.m. on September 30, 2022, to: (a) determine whether the proposed Settlement should be finally approved as fair, reasonable, and adequate so that the Final Approval Order and Judgment should be entered; (b) consider any timely objections to this Settlement and the Parties' responses to such objections; (c) rule on any application for attorneys' fees and expenses; (d) rule on any application for incentive awards; and (e) determine whether the Plans of Distribution that will be submitted by Class Counsel should be approved.

4. Consideration of the Plans of Distribution, any application for attorneys' fees and expenses and any objections thereto, any application for incentive awards and any objections thereto, shall be separate from consideration of whether the proposed Settlement should be approved, and the Court's rulings on each motion or application shall be embodied in a separate order.

5. The Class Representatives shall file their motion for final settlement approval no later than 45 days before the date of the Final Approval Hearing, and no sooner than 5 days after Mail Notice and Publication Notice are completed.

6. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in this Action and all Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims released under the Settlement Agreement, including any claims for criminal restitution in *People v. Plains All Am. Pipeline, L.P.*, No. 1495091 (Cal. Superior Ct.) and writ relief sought in *Victim Restitution Claimants v. Superior Court of the County of Santa Barbara*, No. B317229 (Cal. Ct. of Appeal). If the Settlement is terminated pursuant to Article VI.5 of the Settlement Agreement, the injunction shall immediately terminate.

7. The Court appoints JND Legal Administration as the Settlement Administrator in this Action. In accordance with the Parties' Settlement Agreement and the Orders of this Court, the Settlement Administrator shall effectuate the provision of Mail Notice and Publication Notice to Class Members and shall administer the Settlement Agreement and distribution process.

8. The Court approves, as to form and content, the Mail Notice and the Publication Notice, substantially in the forms attached as Exhibits D, E, and F to the Declaration of Jennifer Keough In Support of Motion for Preliminary Approval of Class Action Settlement and Direction of Notice ("Keough Declaration").

    a. Within sixty (60) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator will complete Mail Notice via mail and email substantially in the form attached to the Keough Declaration as Exhibit D.

    b. Within sixty (60) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall cause the short-form Publication Notice to be published substantially in the form attached to the Keough Declaration as Exhibit E.

    c. Within ten (10) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall cause the long-form Publication Notice to be published on the website previously created for this case, www.PlainsOilSpill.com. The long-form Publication Notice shall be substantially in the form attached to the Keough Declaration as Exhibit F.

    d. Not later than sixty five (65) days following the entry of this Preliminary Approval Order, the Settlement Administrator shall file with the Court declarations attesting to compliance with this paragraph 8.

9. Pursuant to this Court's orders dated August 3, 2017 (Dkt. 326), May 30, 2018 (Dkt. 463), and May 19, 2020 (Dkt. 710), Class Counsel has previously provided notice to the Fisher Class and the Property Class of the Court's certification of those classes and of their rights to opt out of the classes. The deadline for opt outs has expired. Accordingly, Fisher Class members and Property Class members will not be permitted to opt out of the classes.

10. The Court finds that the Parties' plan for providing Notice to the Classes (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Classes of the terms of the Settlement Agreement and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

11. Any Class Member may object to the Settlement Agreement, any application for attorneys' fees and expenses, any application for incentive awards, and/or the Plans of Distribution submitted by Class Counsel. Any Class Member who wishes to object must file with the Court and serve on all counsel listed in paragraph 14, below, no later than 21 days after the Motion for Final Approval is filed by Class Counsel, a detailed statement of the specific objections being made and the basis for those objections. In addition to the statement, the objecting Class Member must include the objecting Class Member's name, address, and telephone number. Any objecting Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's expense. Any Class Member who intends to appear at the Final Approval Hearing either in person or through counsel must file with the Court and serve on all counsel listed in paragraph 14, no later than 21 days after the Motion for Final Approval is filed by Class Counsel, a written notice of intention to appear. Failure to file a notice of intention to appear will result in the Court declining to hear

the objecting Class Member or the Class Member's counsel at the Final Approval Hearing.

12. Class Counsel shall file a supplemental brief in support of Final Settlement Approval and a supplemental brief in support of the Plans of Distribution that responds to any objections no later than 14 days before the Final Approval Hearing.

13. Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel, to: Robert J. Nelson, Esq. at Lieff, Cabraser, Heimann & Bernstein, 275 Battery Street, Suite 2900, San Francisco, CA 94111, and Juli Farris Esq. at Keller Rohrback LLP, 801 Garden Street, Suite 301, Santa Barbara, CA 93101; for Plains's Counsel, to Henry Weissmann, Esq. at Munger, Tolles & Olson LLP, 350 South Grand Ave., 50th Floor, Los Angeles, California 90071.

14. Any Class Member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and expenses and incentive awards, the Plans of Distribution, the Final Approval Order, and the Judgment.

15. In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all Orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy. In such event, the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

16. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members. The Final Approval

Hearing may, from time to time and without further notice to the Class Members, be continued by order of the Court.

17. The following schedule is hereby ordered:

| | |
|---|---|
| Last Day for the Plaintiffs to file Plan of Distribution | **June 26, 2022 (30 days after Preliminary Approval)** |
| Notice to be Completed | **July 26, 2022 (60 days after Preliminary Approval)** |
| Last day for Plaintiffs to File motion for Final Approval of Settlement and Approval of Plans of Distribution, and for Class Counsel to file Application for Fees and Expenses and for Service Awards | **July 29, 2022** |
| Last day to file Objections | **August 19, 2022** |
| Last day to file replies in support of Final Approval, Plans of Distribution, Attorneys' Fees and Expenses, and Service Awards | **September 2, 2022** |
| Final Approval Hearing | **September 16, 2022 at 1:30 p.m.** |

IT IS SO ORDERED.

DATED: May 25, 2022

_____
Hon. Philip S. Gutierrez